IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Christopher McCoy,<br><br>Plaintiff,<br><br>v.<br><br>C. Harris and USP Atlanta (FBOP),<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 5:21-2646-BHH-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

Robert Christopher McCoy ("Plaintiff"), proceeding pro se, is an inmate housed in the Federal Correctional Complex in Coleman, Florida. He filed this Complaint against C. Harris and USP Atlanta alleging his constitutional rights were violated while at USP Atlanta. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Northern District of Georgia for further review, including consideration of the Motion to Proceed *In Forma Pauperis*.

I. Factual Background

Plaintiff claims on January 6, 2021, he was wrongfully assaulted with excessive force by Officer C. Harris. ECF No. 1 at 5. Plaintiff says he notified officers and medical staff that his cellmate was experiencing chest pains and medical staff told his cellmate he would be taken to medical to have his heart rate checked. ECF No. 1 at 17–18. Plaintiff says this procedure did not happen, so he "jacked" the tray slot to check on the status of the medical assessment. *Id.* at 18. Plaintiff says he respectfully asked to speak to a senior officer and medical and Harris came to his cell. *Id.* Plaintiff claims he turned to be handcuffed as requested by Harris and Harris shoved him

to the floor and beat him with his handcuffs. *Id.* at 18–19. Plaintiff claims he was then escorted to the SHU holding tank where Harris spit on him. *Id.* at 19.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

B. Discussion

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). Accordingly, the court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x 634, 635–36 (4th Cir. 2004) (per curiam). Section 1391 of Title

28 of the U.S. Code governs the venue of civil actions brought in the United States district courts and provides in relevant part that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the District of South Carolina is the wrong district for venue as Plaintiff's Complaint concerns an alleged violation of his constitutional rights by the staff of a correctional institution located in Georgia. *See* ECF No. 1.

In the absence of venue, the court has authority *sua sponte* to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). Section 1406(a) provides as follows: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the events took place in Atlanta, Georgia, and it appears Defendants are located there, the Northern District of Georgia is the proper forum in which to adjudicate the claims raised in this Complaint. The undersigned recommends Plaintiff's Complaint be transferred under 28 U.S.C. § 1406(a). The interests of justice weigh heavily in favor of transferring this action, and transferring the case is in keeping with the goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962); *Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967).

III. Recommendation

Accordingly, the undersigned recommends this case be transferred to the United States District Court for the Northern District of Georgia for further handling.[1]

IT IS SO RECOMMENDED.

August 26, 2021
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

[1] Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). **Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. “[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must ‘only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.’” *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee’s note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).